IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gerald Hacker, *Plaintiff,* | ) | |
| -*vs*- | ) | No. 17-cv- |
| Thomas Dart, Sheriff of Cook County, Cook County, Illinois, Sabrina Rivero-Canchola, and Correctional Officer D. Sandoval (star 17132), *Defendants.* | ) | *(jury demand)* |

# COMPLAINT

Plaintiff Gerald Hacker, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. § 1343.

2. Plaintiff Gerald Hacker is an inmate at the Cook County Jail assigned booking number 2017-0210022.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Defendants Sheriff and Cook County have received federal financial assistance since at least 2011.

6. Defendant Rivero-Canchola is the ADA Compliance Officer for the Cook County Sheriff and is sued in her individual capacity.

7. Defendant D. Sandoval is a correctional officer employed by the Cook County Sheriff. Plaintiff sues defendant Sandoval in his individual capacity.

## Count I: ADA/RA Violations at Cook County Jail Relating to Substantial Hearing Impairment

8. Since July of 2016, plaintiff Hacker has spent a majority of his time incarcerated at the Cook County Jail. Presently plaintiff is incarcerated under booking number 2017-0210022.

9. Plaintiff has a substantial hearing impairment. To hear sound plaintiff requires an assistive listening device. Plaintiff can also hear sound in limited circumstances where a person yells into in right ear and plaintiff cups his right ear with his right hand.

10. It is obvious that plaintiff has a substantial hardship engaging in the activity of hearing and communicating.

11. Since at least February 10, 2017, the Sheriff's computer system – known as the Jail Management System – has identified plaintiff as "hearing impaired." All correctional officers at the Cook County Jail have access to this information.

12. At all times relevant to this complaint, plaintiff has been classified as a qualified person with a disability covered by the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA).

13. Defendants Sheriff and Cook County deprive plaintiff access to programs and services at the Cook County Jail because of his substantial hearing impairment.

14. Plaintiff has spent most of his incarceration assigned to the Jail's Residential Treatment Unit ("RTU"). The RTU fully opened to inmates in December of 2014.

15. In the RTU, inmates have daily access to telephones in the living unit.

16. Plaintiff, however, is unable to use the telephones because he requires a telecommunication device for the deaf. In order to use this device, plaintiff must be transferred to a social worker's office.

17. Typically, plaintiff is only allowed access to this service one day each week.

18. As a result, plaintiff has been deprived access to the telephone because of his disability.

19. Visits in the RTU are conducted by video. Each living unit has a video system that allows an inmate to see and hear visitors.

20. This video system does not have a telecommunication device for the deaf. As a result, plaintiff is deprived access to visitors because of his disability.

21. Plaintiff is able to hear sound and engage in conversation with a machine called an "assistive listening device."

22. At the Jail, plaintiff is not regularly provided an assistive listening device.

23. Without an assistive listening device, plaintiff is unable to engage in the activity of communication like one without a disability.

24. For plaintiff to participate in the activity of watching the television without an assistive listening device, it is necessary for closed captioning to be displayed on the television.

25. Frequently, inmates assigned to the living unit do not allow closed captioning to be displayed and the correctional staff do not consistently require that the television display closed captioning. As a result, plaintiff is deprived access to watch television like inmates without a substantial hearing impairment.

26. Plaintiff has complained to defendants Sheriff and Cook County about the above described wronging.

27. Plaintiff has suffered and continues to suffer ongoing violations of his rights secured under the ADA and RA because defendants refuse to accommodate his obvious hearing impairment.

## Count II: Deliberate Indifference Against Rivero-Canchola

28. Defendant Rivero-Canchola is notified each time a person with a physical disability, like plaintiff, enters the Jail.

29. At all times relevant, defendant Rivero-Canchola knew plaintiff is substantially limited in the activity of hearing. She also is aware that with an assistive listening device plaintiff is able to hear and communicate. During at least one occasion, defendant Rivero-Canchola provided plaintiff an assistive device so she could engage him in a conversation.

30. Without any assistive device, defendant Rivero-Canchola knows that plaintiff requires other people to yell directly into his ear and cup his right ear to have any chance of hearing. Defendant Rivero-Canchola knows this causes plaintiff pain.

31. Defendant Rivero-Canchola also knows that at all waking moments without an "assistive hearing device" plaintiff's serious hearing impairment significantly affects his daily activities. Moreover, she knows that plaintiff has been the victim of violence in at the Jail because he is unable to communicate with staff and inmates.

32. Defendant Rivero-Canchla has the ability to facilitate an assistive listening device for plaintiff.

33. Defendant Rivero-Canchola, however, tells plaintiff that she and defendant Sheriff have no obligation to provide plaintiff a personal use device.

34. As a result, plaintiff suffers daily hardship including physical and mental pain.

35. As a result of the above described wrongdoing, defendant Rivero-Canchola has been and continues to be deliberately indifferent to plaintiff's rights secured under the Fourteenth Amendment to the United States Constitution.

## Count III: ADA/RA Violations Using Leighton Ramps

36. While incarcerated at the Jail, plaintiff has been prescribed a cane by the medical staff because he suffers from vertigo. Vertigo substantially impairs plaintiff's ability to move from place to place.

37. Plaintiff has attended court at the Leighton Courthouse.

38. When scheduled to attend court at Leighton, defendants provide plaintiff a cane to ambulate.

39. At the Jail, medical providers prescribe canes to inmates based on a medical decision.

40. When plaintiff reached the basement of the Leighton Courthouse he was required to move up a steep ramp.

41. Defendants Dart and Cook County are aware, as a result of the *Lacy v. Dart*, No. 14 C 6259 (Gettleman, J.) litigation, the Leighton ramps do not comply with the current ADA slope or landing requirements. *Lacy v. Dart*, 2015 WL 5921810, at *5 (N.D. Ill. 2015).

42. In *Lacy*, defendant Sheriff of Cook County was ordered to amend section IX.H of Sheriff's Order 11.14.35.0 to require CCSO members to provide assistance to wheelchair-using subjects by pushing inmates up and down ramps in CCSO facilities.

43. Defendant Sheriff, however, did not amend any Sheriff's Order or implement any policy to provide an accommodation to inmates, like plaintiff, who use ambulatory aids such as a cane, crutch, or walker to navigate the Leighton ramps.

44. Navigating the Leighton ramps without an accommodation caused plaintiff pain and violated his rights secured under the ADA and RA.

## Count IV: Unreasonable Force Against Officer Sandoval

45. On March 28, 2017, defendant Sandoval was the assigned tier officer for Tier 3C in the RTU for the 11 p.m. to 7 a.m. shift. During this time, plaintiff was assigned to Tier 3C.

46. At all times relevant defendant Sandovol knew plaintiff had a hearing impairment.

47. At approximately 12:20 a.m. plaintiff approached defendant Sandovol. Sometime after, defendant Sandovol hit plaintiff in the chest without provocation causing plaintiff to fall to the floor.

48. The use of force by defendant Sandovol was unreasonable, caused plaintiff pain, and violated plaintiff's rights secured under the Fourteenth Amendment to the United States Constitution.

49. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages, that the Court award punitive damages against defendants Rivero-Canchola and Sandovol, and that the Court fashion prospective relief to remedy ongoing violations of plaintiff's rights secured under federal law. Plaintiff also requests that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
patrickmorrissey1920@gmail.com
(773) 233-7900

*Attorneys for Plaintiff*