IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gerald Hacker, individually and for a class, | ) ) ) |
| *Plaintiff,* | ) ) ) No. 17-cv-4282 |
| -*vs*- | ) ) Judge Lee |
| Thomas Dart, Sheriff of Cook County, et al., | ) ) ) ) |
| *Defendants.* | ) |

# RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TERMINATE DEPOSITION

Plaintiff Gerald Hacker, by counsel, responds to defendants' motion to terminate or limit the deposition of defendant Sabrina Rivero-Canchola, ECF No. 31, as follows:

   1. Defendants filed the instant discovery motion on August 15, 2017 seeking to terminate or limit the deposition of defendant Sabrina Rivero-Canchola. ECF No. 31.

   2. Defendants filed this motion in disregard of the requirement to hold a "meet and confer" as provided by Local Rule 37.2 and the Court's standing orders regarding motion practice. Therefore, the Court should strike this motion similar to the Court's prior order for defendants' failure to comply with the Court's standing orders. *See* ECF No. 13, Minute Entry.

3. Turning to the substance of the motion, plaintiff Hacker brings several claims arising from his incarceration at the Cook County Jail. Plaintiff's principal claim is that defendants deprive him of rights secured by the Americans with Disabilities Act (ADA) because he is not provided meaningful accommodations to hear and communicate.

4. The Court set an expedited discovery schedule in response to plaintiff's motion for preliminary relief. ECF No. 24. The Court required depositions to be completed by August 15, 2017. *Id.*

5. On August 9, 2017, plaintiff was deposed for nearly five hours at the Cook County Jail. This deposition covered all claims at issue in the litigation, including plaintiff's allegation defendants violated the ADA by requiring him to navigate the ramps in the basement of the Leighton Courthouse without an accommodation and the allegation that Officer Sandoval used excessive force on March 28, 2017. Neither claim is at issue in plaintiff's application for preliminary relief.

6. In response to written discovery, the Sheriff identified two policy documents related to deaf or hearing impaired inmates at the Jail identified as CCSAO-HACKER 0001-22. *See* ECF No. 34 at 105, Sheriff's Supplemental Response to Interrogatories at ¶ 2. These documents, identified as Sheriff's Order 11.14.35.0 and General Order 24.14.8.0, are attached to plaintiff's motion for class certification as Exhibits 1 and 5. *See* ECF No. 34 at 18-27, 74-85.

7. For example, in response to an interrogatory relating to Sheriff's Order 11.14.35.0, defendant Sheriff formulated the following objection:

> Objection, Interrogatory No. 16 calls for a narrative response that is better suited for a deposition. Upon information and belief, said deposition of Sabrina Rivero-Canchola, one of the individuals answering these Interrogatories, will take place prior to August 15, 2017.

ECF No. 34 at 109, Sheriff's Supplemental Response to Plaintiff's First Set of Interrogatories at ¶ 16. The Sheriff formulated a similar objection in response to an interrogatory inquiring why plaintiff is not provided a personal listening device at the Jail. *Id.* at ¶ 21

8. After a review of the written discovery, all counsel agreed to hold Ms. Rivero-Canchola's deposition on August 14, 2017. This conversation was memorialized by attorney Thomas Morrissey on August 4, 2017. Exhibit 1, T.Morrissey email dated 8/4/2017.

9. On August 6, 2017, plaintiff served a Rule 30(b)(6) Notice of Deposition to the Sheriff's Office to inquire about the security reason(s) for withholding an Assistive Listening Device or a Hearing Aid from plaintiff.[1] ECF No. 31-1, Plaintiff's Notice of Rule 30(b)(6) Deposition.

10. Ms. Rivero-Canchola was produced for a deposition on August 14, 2017 individually and as the Sheriff's Rule 30(b)(6) designee. ECF No. 31-2 at 4, Rivero-Canchola Dep. at 4:3-6.

---

[1] Ms. Rivero-Canchola testified "[o]ne of the reasons he was not provided with an ALD on the living unit does relate to a safety and security concern. However, that was not the primary reason." ECF No. 31-2, Rivero-Canchola Dep. at 80:23-81:3.

11. Defense counsel stated on the record that Ms. Rivero-Canchola is "able to answer all of your questions that you have with respect to all aspects of this case." ECF No. 31-2 at 29, Rivero-Canchola Dep. at 29:1-3.

12. Defense counsel, however, made repeated objections in the deposition that Ms. Rivero-Canchola was only produced in response to plaintiff's Rule 30(b)(6) Notice and the expedited discovery schedule. ECF No. 31-2 at 30, Rivero-Canchola Dep. at 30:8-11.

13. At approximately 1:00 p.m. the deposition was continued to the next day at 11:00 a.m. by agreement of the parties because defense counsel had other professional obligations. ECF No. 32-1 at 171, Rivero-Canchola Dep. at 171:10-19.

14. At 10:45 a.m., while plaintiff's counsel was traveling to the Daley Center to resume Ms. Rivero-Canchola's deposition, defense counsel filed the instant motion. ECF No. 31. Upon arrival at the Daley Center, defendants canceled the continuation of Ms. Rivero-Canchola's deposition.

15. Defendants' motion fails to connect how examination about a Sheriff's Order, identified by defendant Sheriff in response to written discovery, is outside the scope of a deposition. ECF No. 31 at ¶ 8. Defendants similarly do not explain how plaintiff's examination was "harassing conducted in back faith, and meant to frustrate the fair examination of the deponent." ECF No. 31 at ¶ 11. Moreover, this position is belied by defense counsel's agreement that any question relating to

plaintiff's claims may be posed to Ms. Rivero-Canchola and the agreement to continue the deposition to the following day at 11:00 a.m.

It is therefore respectfully requested that the Court deny defendants' motion and order the completion of Ms. Rivero-Canchola's deposition within seven days.

Respectfully submitted,

/s/ Patrick W. Morrissey
Patrick W. Morrissey
Thomas G. Morrissey
10150 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900

*Attorneys for Plaintiff*



Patrick Morrissey <patrickmorrissey1920@gmail.com>

## Hacker v. Dart 17 C 4282

**Thomas Morrissey** <tgmorrisseylaw@gmail.com>   Fri, Aug 4, 2017 at 5:38 PM
To: "Kelly Olivier (States Attorney)" <Kelly.Olivier@cookcountyil.gov>
Cc: Patrick Morrissey <patrickmorrissey1920@gmail.com>

Dear Ms. Olivier:

I write to confirm our telephone conversation on August 2nd regarding Defendant Dart's responses to Plaintiff's Interrogatories. It was my contention that the following responses by Dart to the plaintiff's interrogatories were insufficient:

  a.   interrogatory # 3-- Defendant's response "investigation continues"-- Although you indicated in our phone conversation  the Sheriff presently is not aware of the existence of any responsive documents, and a willingness to later supplement  if necessary, it is my position that a more complete answer would be none, investigation continues.
b. interrogatory #6 --  In responding to interrogatory #5, the Sheriff asserted that an assistive listening device was withheld or removed from Plaintiff Hacker. When asked in Interrogatory # 6 to provide specific information regarding the withholding or removing the listening device, the Sheriff merely refers back to Interrogatory #5 which is nonresponsive. The Sheriff's Office needs to provide a  response to interrogatory #6
c. interrogatory #7--Defendant failed to respond--merely said investigation continues which is nonresponsive.
d. interrogatory # 12--After objecting, defendant again says investigation continues. Since plaintiff is seeking class certification the number of putative class members is discoverable during this stage of the proceeding.
e.  interrogatory # 18--Defendant failed to respond--merely states investigation continues which is nonresponsive.

We also discussed scheduling depositions in the next two weeks. We agreed to go forward with your deposition of  Mr. Hacker on Wednesday afternoon and Ms. Rivero-Canchola  on Monday, August 14, 2017 at our office. Additionally we set aside the 15th of August for another deposition.

Please let me know if I have misrepresented our phone conversation.

Have a nice weekend.

Tom

--
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave.
Suite Rear
Chicago, IL 60643
773-233-7900



Virus-free. www.avg.com

Exhibit 1 Page 1