UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD HACKER, | |
| Plaintiff, | |
| vs. | 17 CV 4282 |
| THOMAS DART, SHERIFF OF COOK COUNTY, COOK COUNTY, ILLINOIS, SABRIA RIVERO-CANCHOLA, AND CORRECTIONAL OFFICER D. SANDOVAL (STAR 17132), | Honorable Judge John Z. Lee |
| Defendants. | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE HIS AMENDED RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendant THOMAS DART, Sheriff of Cook County ("Sheriff Dart"), by KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorneys JAMES J. CHANDLER and ANTHONY E. ZECCHIN, and pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, moves this Honorable Court for leave to file his Amended Response in Opposition to Plaintiff's Motion for Class Certification. In support thereof, Sheriff Dart states as follows:

1. This lawsuit, filed on June 6, 2017, arises under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. Plaintiff, who has a substantial hearing impairment, alleges that Dart failed to accommodate his disability while a detainee at the Cook County Department of Corrections.

2. On August 17, 2017, Plaintiff filed his motion for class certification, which this Honorable Court denied without prejudice on July 5, 2018 (Doc. No. 34; Doc. No. 158).

3. Thereafter, on July 26, 2018, Plaintiff filed his renewed motion for class certification (Doc. No. 163).

4. The State's Attorney's Office (the "SAO") retained an outside firm to serve as Special Assistant State's Attorneys and represent Sheriff Dart in this matter.

5. The SAO also represents Sheriff Dart and, by law, has final say over the arguments that Sheriff Dart advances in this litigation. *See, e.g.*, *County of Cook ex rel. Rifkin v. Bear Stearns & Co.*, 215 Ill. 2d 466, 478 (2005) (holding that "the legislature may not usurp [the] constitutionally derived powers" of the State's Attorney).

6. The State's Attorney's authority to represent county and state officers within his county is derived from common law and statute but has been ruled "constitutional" authority by the Illinois Supreme Court. *See People ex rel. Courtney v. Ashton*, 358 Ill. 146, 151 (1934); *see also People ex rel. Kuntsman v. Nagano*, 389 Ill. 231, 249 (1945).

7. Where the duties of a constitutional officer such as the State's Attorney are definitively stated, the legislature cannot strip the State's Attorney of her powers or transfer them to others. *Nagano*, 389 Ill. at 249. Nor may the State's Attorney's duties be reduced either by the County Board of Commissioners, *Wilson v. County of Marshall*, 257 Ill. App. 220, 224 (2nd Dist. 1930) or by the courts. *Cf. People ex rel. Elliott v. Covelli*, 415 Ill. 79, 88-89 (1953). To do so would violate the separation of powers doctrine. *See, e.g.*, Ill. Const. art. II, § 1 (1970).

8. The Special Assistant State's Attorneys filed a response in opposition to Plaintiff's motion for class certification on August 23, 2018 (Doc. No. 171). The SAO did not have an opportunity to review this response even though, by constitution, it has final say on the arguments that are presented to the court in cases like the present one where the SAO represents a county official such as the Sheriff. *See Bear Stearns & Co.*, 215 Ill. 2d at 478.

9. As a result, several relevant arguments were not raised even though the SAO wanted to advance them.

10. The SAO submits that such arguments would assist this Honorable Court in deciding whether to grant the renewed motion for class certification.

11. Sheriff Dart now seeks leave to file an Amended Response in Opposition to Plaintiff's Motion for Class Certification, in order to assert all relevant arguments in opposition to class certification.

12. Rule 15(a)(2) of the Federal Rules of Civil Procedure governs when court approval is needed to amend a pleading. Fed. R. Civ. P. 15(a)(2).

13. Leave to amend pleadings should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, leave should be granted unless the movant acts with a bad faith or dilatory motive, or undue prejudice to the opposing party would result. *See Foman*, 371 U.S. at 182; *see also Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F. 3d 663, 666 (7th Cir. 2007).

14. To that end a court may use its authority to amend pleadings under Rule 15(a)(2) in connection with a pretrial motion. *See, e.g., Brown v. Hughes*, 894 F. 2d 1533, 1539 (11th Cir. 1990); *Sherman v. Hallbauer*, 455 F. 2d 1236, 1242 (5th Cir. 1972).

15. This motion is brought in good faith and not for purposes of delay, and Plaintiff will not be prejudiced in any way if Sheriff Dart is granted leave to file his amended response.

16. Plaintiff has not filed his reply brief and therefore he would have the opportunity to respond to any additional arguments raised in Sheriff Dart's Amended Response.

17. Sheriff Dart further submits that there is good cause for this Honorable Court to grant him leave to file his amended response. A refusal to grant such leave would result in severe prejudice to Sheriff Dart and the SAO, and would deny Sheriff Dart the ability to fully and fairly present his case.

WHEREFORE, Defendant Thomas Dart, Sheriff of Cook County, pursuant to Rule 15(a)(2) of the Federal Ruls of Civil Procedure, respectfully requests that this Honorable Court grant him leave to file his Amended Response in Opposition to Plaintiff's Motion for Class Certification, and prays for any other relief that this Honorable Court deems necessary and just.

        Respectfully submitted,

        KIMBERLY M. FOXX
        State's Attorney of Cook County

By:    */s/ James J. Chandler*
       */s/ Anthony E. Zecchin*
       Assistant State's Attorneys
       500 Richard J. Daley Center
       Chicago, Illinois 60602
       (312) 603-3373
       james.chandler@cookcountyil.gov
       anthony.zecchin@cookcountyil.gov